decision on the merits of the proposed settlement on the basis of all relevant factors.

**In the Matter of Doreen Mary Jane BRADY, Debtor.**

**Bankruptcy No. 86–020523–DJS.**

United States Bankruptcy Court,
W.D. Missouri, W.D.

Jan. 22, 1987.

See also, *In re Walton*, 866 F.2d 981, 984 n.7 (8th Cir. 1989).

John K. Weilert, Law office of J.D. Williamson, Independence, Mo., for debtor.

Paul E. Berman, Kansas City, Mo., Trustee.

ORDER DISMISSING CASE AS A "SUBSTANTIAL ABUSE" OF THE PROVISIONS OF CHAPTER 7 WITHIN THE MEANING OF SECTION 707(b) OF THE BANKRUPTCY CODE

DENNIS J. STEWART, Chief Judge.

In the hearing of January 16, 1987, the debtor admitted that she had no expenses due to the fact that she is boarded by others. She therefore has $448 per month with which to pay $5,448.36 in unsecured debt. Payment of only $200 per month through a chapter 13 plan would result in full payment in a little over two years. Section 707(b) therefore requires dismissal. "The credit industry in proposing changes in the Bankruptcy Code argued that it was both unfair to creditors and burdensome to the public at large to allow debtors to seek Chapter 7 relief giving little or nothing to creditors where a substantial portion of those debts could be paid out of disposable income. Legislative history suggests that section 707(b) was primarily directed towards this kind of abuse ... Congress was seeking to eliminate a perceived abuse of the bankruptcy system by consumer debtors who have sufficient future income by which they would be capable of paying back their debts." *In re Kress*, 57 B.R. 874, 877, 878 (Bkrtcy.D.N.D.1985). This case is accordingly hereby DISMISSED.